IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Timothy A. Forward, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No.  3:08cv3 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| William D. Murrell, Jr., M.D., and | ) | |
| Aberdeen Association of Orthopedic | ) | |
| Surgeons, LLP, | ) | |
| | ) | |
| Defendants. | ) | |

After two hearings and multiple rounds of briefing on issues relating to service of process and the statute of limitations, these issues have essentially resolved themselves.  Defendants William D. Murrell, Jr., M.D. ("Dr. Murrell) and Aberdeen Association of Orthopedic Surgeons, LLP ("Aberdeen") moved for summary judgment (Doc. # 17), alleging plaintiff Timothy Forward ("Forward") failed to commence this medical malpractice action within the two year statute of limitations.  Plaintiff contends service of process was timely, so the motion should be denied.

Summary of Ruling

The court finds that Dr. Murrell has been timely served with the summons and complaint. The court further finds that Dr. Murrell and Aberdeen are "united in interest" such that service upon Dr. Murrell constitutes timely service upon Aberdeen, regardless of when the statute of limitations commenced.  Therefore, defendants' Motion for Summary Judgment (Doc. # 17) is **DENIED.**

Factual and Procedural Background

Plaintiff's medical malpractice action stems from knee surgery that took place in January 2006. Dr. Murrell conducted an ACL reconstruction surgery on Forward at a clinic in Oakes, North Dakota. At the time Dr. Murrell was employed by Aberdeen. During the surgery a drill bit broke off and remained embedded in Forward's knee, a fact Dr. Murrell told him immediately after the surgery. Shortly after the surgery Forward began experiencing pain and numbness in his foot. He had several follow-up appointments with Dr. Murrell, who diagnosed Reflex Sympathetic Dystrophy (RSD) and referred Forward in March 2006 for a nerve conduction study. After learning of limited conductivity in the foot, Dr. Murrell further referred Forward to a doctor in Louisiana. Given the distance, Forward chose a referral to the Mayo Clinic. In the meantime, Forward sought treatment at a pain clinic. Upon examination by Dr. Spinner at Mayo Clinic in July 2006, Forward learned that the nerves in the back of his leg were encased in scar tissue. Dr. Spinner operated on the knee the next day, ultimately decreasing plaintiff's pain and increasing his level of functioning.

Forward filed his complaint in this action on January 4, 2008, alleging diversity jurisdiction. He served the summons and complaint on Aberdeen on May 2, 2008. Forward also attempted to serve Dr. Murrell by leaving a copy of the summons and complaint with his wife at his last known address on May 13, 2009. In October 2009, after an initial round of briefing on Aberdeen's summary judgment motion, Aberdeen filed a supplemental affidavit with an attached Judgment of Absolute Divorce evidencing a divorce between Dr. Murrell and his wife effective March 20, 2009. Thus, the May 13, 2009 service on Dr. Murrell's ex-wife was ineffective. The record indicates that Dr. Murrell notified Forward by letter dated March 23, 2006 that he was

being activated for military service. Defendant Aberdeen's Rule 26(a)(1) disclosures apparently indicate Dr. Murrell was subsequently located in Dubai, United Arab Emirates, although neither Aberdeen nor its counsel has had contact with him there.

On the day before the first hearing on defendants' motion, plaintiff filed an Affidavit of Publication upon Dr. Murrell. (Doc. # 34). The Affidavit of Publication indicates the summons was published three times in The Forum, on July 13, July 20, and July 27, 2009. At the first hearing, defense counsel acknowledged this attempted service by publication, but contended plaintiff had failed to carry the burden of establishing the statute of limitations had been tolled for a sufficient period of time by Dr. Murrell's military service. The court directed defense counsel to submit documents pertaining to Dr. Murrell's military service and found at the hearing that failure to do so would result in denial of summary judgment. On November 11, 2009, records from the Defense Finance and Accounting Services for the U.S. Army relating to Dr. Murrell's military service were filed. (Doc. # 39). Review of those records indicates Dr. Murrell was in and out of the military several times since March 2006, and the cumulation of his service periods extended expiration of the statute of limitations beyond July 2009.

After the first hearing defense counsel filed an answer to the complaint on Dr. Murrell's behalf, reserving his defenses to ineffective service of process and the statute of limitations. Defense counsel also requested from plaintiff's counsel proof of mailing the summons and complaint to Dr. Murrell's last know address within ten days of the first publication, as required to perfect the publication. (Doc. #42). Plaintiff's counsel sent a letter stating he had mailed the summons and complaint to Dr. Murrell on "July 6, 2000" (emphasis added). No affidavit or certificate of service was forthcoming at that time.

3

The court scheduled a second hearing on the motion to inquire into these issues. Again, the day before the hearing, plaintiff filed a Certificate of Mailing (Doc. # 46), indicating defense counsel had mailed the summons and complaint to Dr. Murrell on July 6, 2009 to a post office box in Fort Belvoir, Virginia.

At the second hearing on January 13, 2010, the court heard argument and found the Fort Belvoir post office box was the last reasonably ascertainable address for Dr. Murrell. Although the record indicates Dr. Murrell may have been or may still be in Dubai, neither party has an address for him there. The Fort Belvoir post office box is the last address known to the U.S. Postal Service for Dr. Murrell.

Law and Discussion

The court's subject matter jurisdiction in this medical malpractice action is based on diversity of citizenship under 28 U.S.C. § 1332. Although a federal action is commenced by filing of the complaint with the court, F.R.Civ.P. 3, the tolling of a state statute of limitations applicable to a state law claim in federal court is determined by reference to state law. Walker v. Armco Steel Corp., 446 U.S. 740, 752-53 (1980). North Dakota state law provides that an action is commenced upon service of the summons on the defendant. N.D.R.Civ.P. 3; N.D.C.C. § 28-01-38. As mentioned, North Dakota applies a two-year period of limitations to professional malpractice claims. N.D.C.C. § 28-01-18(3). Service of the summons not only commences an action under state law, but it also tolls the statute of limitations. See Long v. Jaszczak, 688 N.W.2d 173, 176-77 (N.D. 2004). The limitations period begins to run "when the plaintiff knows, or with reasonable diligence should know, of (1) the injury, (2) its cause, and (3) the defendant's possible negligence." Wall v. Lewis, 393 N.W.2d 758, 761 (N.D. 1986).

Defendants contend the two-year statute of limitations began to run by March 31, 2006, when they allege plaintiff knew or should have reasonably known of the alleged malpractice, but plaintiff contends he did not discover the alleged malpractice until July 19, 2006, so the limitations period did not begun to run until that date. The court concludes it does not need to address the discovery issue because the action was timely commenced against both Dr. Murrell and Aberdeen.

The court concludes that service was effectively made upon Dr. Murrell by publication, and that the service was timely, due to the tolling of the statute of limitations during the periods of Dr. Murrell's military service. The court further concludes that service upon Dr. Murrell constituted effective and timely service upon Aberdeen as well, because the defendants are united in interest. North Dakota Century Code § 28-01-38 provides: "An action is commenced as to each defendant when the summons is served on that defendant, or on a codefendant who is a joint contractor or otherwise united in interest with that defendant. . . ." The North Dakota Supreme Court has defined "united in interest" as follows:

> We conclude two parties are united in interest when they are in such relation to each other with regard to the subject matter of the plaintiff's action that they will necessarily stand or fall together, a judgment against one will necessarily result in liability upon the other, and neither can reasonably raise a defense which is unavailable to the other.

Gessner v. City of Minot, 583 N.W.2d 90, 93 (N.D. 1998). This case involves alleged acts of malpractice by Dr. Murrell performed in the course of his employment by Aberdeen. Aberdeen's liability would vicariously arise from Dr. Murrell's. "Vicarious liability, or the doctrine of respondeat superior, means an employer is liable for tortious acts of its employees committed while they are acting within the scope of employment." Van Klootwyk v. Baptist

Home, Inc., 665 N.W.2d 679, 685, n.2 (N.D. 2003).  Because Aberdeen and Dr. Murrell would "necessarily stand or fall together," Gessner, 583 N.W.2d at 93, they are united in interest for purposes of this lawsuit, and the timely service upon Dr. Murrell constituted timely service upon Aberdeen.

    The court rejects defendant Aberdeen's contention that "although North Dakota law controls the commencement of this lawsuit, service of process in federal diversity actions is procedural and therefore governed by the Federal Rules of Civil Procedure."  Defendant's Reply Brief in Support of Motion for Summary Judgment, Doc. # 31, at 8, citing Larson v. Mayo Med. Center, 218 F.3d at 867.  Because there is no commensurate federal "united in interest" provision, Aberdeen contends the tolling of the statute of limitations as to Dr. Murrell due to his military service has no effect on Aberdeen.  The court finds the state law tolling provision does apply "because [it is] 'part and parcel of the statute of limitations.'"  Larson v. Mayo Med. Center, 218 F.3d 863, 867, quoting Walker v. Theilen Motors, Inc., 916 F.2d 450, 451 (8th Cir. 1990).  Aberdeen cannot claim the benefit of the federal reference to state law for the requirements to commence a diversity of citizenship lawsuit and for the statute of limitations while, at the same time, reject any reference to state law for the tolling provisions applicable to the statute of limitations.  Aberdeen is tied to Dr. Murrell for purposes of service as well as liability in this case.[1]

    Since the court has determined that service was timely made on both defendants, the court does not need to address the highly factual issue of when plaintiff discovered his potential

---

[1] Not only is Aberdeen tied to Dr. Murrell for service of process and liability, but also any release of Dr. Murrell would serve as a release of Aberdeen.  Van Klootwyk, 665 N.W.2d, 685, n.2, citing Horejsi v. Anderson, 353 N.W.2d 316, 320 (N.D. 1984).

claim against the defendants.

**IT IS ORDERED** that defendants' Motion for Summary Judgment (Doc. # 17) is **DENIED.**

Dated this 1st day of February, 2010.

 /s/   *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge
